(R.D. 11198)

LOLLYTOGS, LTD. *v.* UNITED STATES

Entry No. 896572, etc.

(Decided June 22, 1966)

*Siegel, Mandell & Davidson* for the plaintiff.
*John W. Douglas*, Assistant Attorney General, for the defendant.

RAO, Chief Judge: The appeals for reappraisement listed in the schedule of reappraisements, attached to this decision and made a part hereof, have been submitted for decision upon the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

That the merchandise covered by the annexed schedule of appeals for reappraisement consists of children's clothing exported from Hong Kong subsequent to February 27, 1958.

That the said merchandise is not included in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and that said merchandise was entered for consumption subsequent to February 27, 1958.

That the merchandise, facts, and issues involved herein are the same in all material respects as those involved in *Lolly Togs, Ltd.* v. *United States*, Reap. Dec. 11073; and that the record in said case may be incorporated in and made a part of the record herein.

That on or about the date of exportation of the said merchandise, the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Hong Kong, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all containers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, were the invoice unit f.o.b. value, net packed, exclusive of any additional charges or commissions.

IT IS FURTHER STIPULATED AND AGREED that the above appeals for reappraisement may be deemed to be submitted for decision upon this stipulation.

Upon the agreed facts, I find export value, as that value is defined in section 402(b) of the Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, to be the proper basis for the determination of the value of the merchandise covered by said appeals and that

such value is the invoice unit f.o.b. value, net packed, exclusive of any additional charges or commissions.

Judgment will be entered accordingly.